IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**KORBIN WAYNE PICKENS**     PETITIONER

v.     No. 1:21CV67-SA-RP

**STATE OF MISSISSIPPI, ET AL.**     RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Korbin Wayne Pickens for a writ of *habeas corpus* under 28 U.S.C. § 2241. The State has moved to dismiss the petition for failure to exhaust state court remedies. The petitioner has responded to the motion, and the parties have submitted additional briefing. The matter is ripe for resolution. For the reasons set forth below, the State's motion will be granted, and, though the petitioner has not exhausted state remedies regarding his claims, the instant petition will be dismissed for failure to state a claim upon which *habeas corpus* relief could be granted.

**Facts and Procedural Posture**

Petitioner Korbin Pickens is in the custody of the Mississippi Department of Corrections ("MDOC") and housed at the Central Mississippi Correctional Facility in Pearl, Mississippi. He entered a plea of guilty to receiving stolen merchandise in Chickasaw County Circuit Court Cause No. 2016-054. *See* Exhibit A.[1] Mr. Pickens was sentenced on September 19, 2016, to serve a term of ten years, with six years suspended and four years to serve, in the custody of MDOC. *See* Exhibit C. The sentencing order further stated that the suspended portion of the sentence was dependent on his "good behavior and strict compliance with all of the conditions given by the Court and/or set forth below under section 47-7-35 of the Mississippi Code Annotated of 1972, as amended." *See id.* Finally, Mr.

---

[1] The exhibits referenced in the instant memorandum opinion may be found attached to the State's Motion to Dismiss.

Pickens was placed on five years of post-release supervision, subject to the rules set forth in the Order. *Id*.

The docket in Chickasaw County Circuit Court Cause No. OK2016-054 reflects a notification of Pickens' release from the MDOC filed on January 15, 2020, with a February 11, 2020, expected release date. *See* Exhibit D. Several months later, on June 19, 2020, Pickens' field officer filed an Affidavit detailing Pickens' violations of the terms of post-release supervision: (1) failure to report since release from the MDOC; (2) positive test results for the use of methamphetamines and BZO (Benzodiazepines); and (3) arrest in June 2020 for the charge of aggravated trafficking of a Schedule II controlled substance (methamphetamine). *See* Exhibit E.

The State then filed its "Petition to Revoke Post-Release Supervision and Impose Suspended Sentence" on June 25, 2020. *See* Exhibit F. Mr. Pickens, proceeding *pro se*, filed a Response to the Petition. *See* Exhibit G. On September 9, 2020, the trial court entered its Order revoking Pickens' post-release supervision and returning him to the physical custody of the MDOC. *See* Exhibit H.

The trial court revoked the six-year suspended portion of Pickens' sentence and ordered that Pickens serve five years, with the remaining one year suspended. *Id*. Further, the Order provided that Pickens would be placed on post-release supervision for one year after his release from incarceration. *Id*.

In the instant petition, Mr. Pickens has not challenged his original plea and sentence, but the revocation of the suspended portion of his sentence after his release from physical custody on the charge at issue (receiving stolen merchandise). Doc. 1. He does not challenge the underlying reasons for his revocation or the process by which he was revoked; instead, he argues that his suspended sentence should not have been revoked because he had received the "gold seal" certificate from

MDOC for completion of his sentence on February 11, 2020. *Id*. at 5-6. He argues in Grounds One and Two of the petition that he "had no post-release, probation or parole" and references the discharge certificate attached to his petition. *Id*. at 5, 15. In his prayer for relief, Mr. Pickens seeks "compensation for unlawful incarceration for punitive damages for pain and suffering" and also seeks release from custody, citing his previous discharge certificate and the "gold seal." Doc. 1 at 14.

### Failure to State a Valid Claim

As discussed in detail below, Mr. Pickens has not exhausted his state remedies as to the grounds for relief in the instant petition. Although the AEDPA requires complete exhaustion of state remedies as a prerequisite for a district court to grant a petition for federal *habeas corpus* relief, the court may *deny* a petition on the merits "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254 (b)(1)(A); 28 U.S.C. § 2254(b)(2); *Neville v. Dretke*, 423 F.3d 474, 480-482 (5th Cir. 2005). This court thus has the discretion to deny the petitioner's claims for relief in the instant petition either on the merits or as procedurally barred, rather than dismissing the petition as unexhausted. *See Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998) (district court may deny relief on an unexhausted claim); *see also Jones v. Jones*, 163 F.3d 285 (5th Cir.1998); *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir.1997), cert. denied, 523 U.S. 1139 (1998).

In the instant petition Mr. Pickens argues in Grounds One and Two that he received a "gold seal" with no probation, parole, or other supervised release, and, as such, he had completed his sentence. He argues that, as he had completed his entire sentence, he was no longer in the physical custody of the state or under supervision – and could not be incarcerated again unless he was tried and convicted for a new offense. He is mistaken.

Mr. Pickens' sentencing Order, attached to his petition, states that the suspension of his sentence was conditioned upon his good behavior and compliance with the conditions stated by

the court and under section 47-7-35 of the Mississippi Code. Doc. 1 at 25; *see also* Exhibit C. The order further stated that Mr. Pickens would be placed on five years of post-release supervised probation and set forth the terms of that probation, citing Miss. Code Ann. § 47-7-34. Doc. 1 at 25, 28; *see also* Exhibit C. Even Mr. Pickens' discharge certificate with the "gold seal" states on its face that, while the certificate was issued based on the expiration of Pickens' sentence, it "does NOT release [Pickens] from any of the responsibilities contained in the conditions of release or any of the remaining portions of the sentences imposed by the court." Doc. 1 at 15 (emphasis in original). The discharge certificate also states that Mr. Pickens was "remanded to the supervision of Community Corrections to complete the remaining portion of this sentence under the jurisdiction of the court *and is required to follow all the conditions imposed upon him, including any reporting requirements*." *Id.* (emphasis added). Thus, the very document Mr. Pickens offers to show that he was no longer under state supervision actually shows that he *was* under supervision. Hence, the petition will be dismissed with prejudice for want of substantive merit.

## Exhaustion

Mr. Pickens' petition could also be dismissed without prejudice for failure to exhaust state remedies.[2] Under 28 U.S.C. § 2254(b)(1), a prisoner seeking *habeas corpus* relief must first exhaust state remedies. Section 2254 provides, in relevant part:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> > (A) the applicant has exhausted the state remedies available in the courts of the State; or

---

[2] As discussed above, however, the court has chosen to decide the petition on the merits. *See* 28 U.S.C. § 2254 (b)(1)(A); 28 U.S.C. § 2254(b)(2); *Neville v. Dretke*, 423 F.3d 474, 480-482 (5th Cir. 2005).

      (B)  (i) there is an absence of available State corrective process; or
           (ii) circumstances exist that render such process ineffective to protect the rights of the appellant

. . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

"A fundamental prerequisite to federal *habeas* relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A finding of exhaustion requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Further, exhaustion "requires that normally a state prisoner's entire federal habeas petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19). The exhaustion doctrine gives "the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'" *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, at 518) (citations omitted).

      In order to properly exhaust his claims under the AEDPA, Mr. Pickens must present the issues in Grounds One and Two to the Mississippi Supreme Court in a procedurally proper manner, providing the state court with a fair opportunity to consider and rule upon the claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842-45 (1999). Under Mississippi law an order revoking probation or suspension of sentence is not directly appealable. *See Campbell v. State*, 993 So. 2d 413, 417 (Miss. Ct. App. 2008); *Beasley v. State*, 795 So. 2d 539, 540 (Miss. 2001). Mr. Pickens may, however, challenge his revocation in a petition for post-conviction relief. *See*

*Campbell*, 993 So. 2d at 417. As of the date of the filing of the State's motion, Mr. Pickens had not filed any challenge to the revocation at issue in the trial court.

A deputy clerk with the Chickasaw County Circuit Clerk's Office reviewed the trial court record and confirmed to the State that Mr. Pickens has filed no motions under the Mississippi Uniform Post-Conviction Collateral Relief Act to challenge his revocation proceeding.[3] In addition, the Mississippi Supreme Court's docket, as available on the court's official website, reflects that Mr. Pickens has filed no actions in that court. As such, the instant petition for a writ of *habeas corpus* could also be dismissed for failure to exhaust state remedies.

## Conclusion

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 1st day of March, 2022.

/s/ Sharion Aycock
U. S. DISTRICT JUDGE

---

[3] In addressing the question of exhaustion in his petition, Mr. Pickens refers to his response to the petition to revoke filed in the circuit court in July 2020. Doc. 1 at 16-20. However, that pleading was filed in response to the State's Petition to revoke his probation and, as such, was before the trial court *prior to* the trial court's entry of its decision to revoke Pickens' probation. As such, Pickens' response did not properly raise and exhaust the claims in the instant petition challenging the trial court's Order to revoke. To properly exhaust the issues raised herein challenging the trial court's decision, Mr. Pickens must raise those claims in a post-conviction motion , then appeal any adverse ruling.